PFS:df

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6154-CR-DIMITROULEAS

FILED by _____ 
JUN 3 0 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARTIN HALPERN,

    Defendant.
_____/

<u>GOVERNMENT'S RESPONSE TO THE STANDING DISCOVER ORDER</u>

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    The government is in possession of 133 cassette tape recordings containing approximately 1000 conversations regarding court authorized wire interceptions. The government is further in possession of approximately 41 cassette tape recordings corresponding to consensually recorded conversations. One full set of tapes and transcripts will be provided to an attorney designated by counsel for use by all parties.

            2.    That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

            3.    No defendant testified before the Grand Jury.

            4.    The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.



      5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Blvd., Suite 700, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to all counsel.

      6.  Not applicable.

B.  DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.  The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.  The government will disclose under separate cover any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.  The government will disclose under separate cover any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.  Not applicable.

G.  The government has advised its agents and officers involved in this case to preserve all rough notes.

H.  The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or

2

        otherwise (including the inextricably-intertwined doctrine).

I.    The defendant is an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.    The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.    No contraband is involved in this indictment.

L.    Not applicable.

M.    Not applicable.

N.    The government will under separate cover, provide notice of summary and expert testimony that it reasonably expects to offer at trial, such testimony will include gambling records analysis and organized crime structure analysis.

O.    The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.    At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

    Respectfully submitted,

    GUY A. LEWIS
    UNITED STATES ATTORNEY

By: _____
    PAUL F. SCHWARTZ
    ASSISTANT UNITED STATES ATTORNEY
    Court ID #: A5500086
    500 E. Broward Blvd., 7th Floor
    Fort Lauderdale, Florida  33394
    Telephone: (954) 356-7392
    Facsimile: (954) 356-7230

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was mailed this ___30___ day of ___June___, 2000 to:

Ira Loewy, Esquire
800 Brickell Avenue, Penthouse #2
Miami, FL 33131

_____
PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

DATE: January 17, 1999

that the contents of the warrant involved illegal sports wagering. Mr. Halpern was advised that he was not involved in any illegal bookmaking activities but he thought that he might know who, and why, the warrant was being executed.



Mr. Halpern was questioned as to the letter. He stated that it referred to a debt owed to him by a man named Mike, whose real name was "Emro".

Mr. Halpern was interviewed and he stated that he has known "Mike", as a bookmaker, for several years. He stated that he used to bet with Mike. He stated that Mike owes him $30,000 as a result of an unpaid loan. He stated that he believes that Mike was having hard financial times. Mr. Halpern stated that he met Mr. Scott Miller last year. He stated that Mr. Miller is a large-time bettor. He stated that the letter was not intended to be 'real" but was a "joke". He could not elaborate.

Mr. Halpern stated that "Mike" introduced him to Al Polito around the last week of October in 1998. He stated that "Mike" suggested that he could get his money back by entering into business with Polito by securing the various wagers made through Polito's illegal bookmaking operation. He stated that he had not yet decided ...  was going to do this, even though he knew that bookmaking was a crime. He stated that for the past two months Mr. Polito would fax the daily tally sheets to his house so that he could review the figures involved and make a determination as to wether he would like to enter into business with Mr. Polito. He stated that additional tally sheets at his home and granted a consent search of his home.

Mr. Halpern directs this writer to the kitchen where a stack of faxed papers consisting of tally sheets is discovered.

Inside the waste paper basket is a crumpled up piece of paper detailing all of "B's" gamblers and their current balance for that week. Mr. Halpern explained that "B" is "Bert's" group.

CART Tech V. Rosado advised that the procedure would take roughly five hours to complete and Mr. Halpern agreed to give the computer to the F.B.I. so that the information could be copied and then the computer would be returned. Mr. Halpern advised his wife, in the presence of this writer, the he figures that he is a 2 on the scale of 1 to ten for being in trouble.

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription     1/22/99

On 1/17/99, during the search of his office at National Check Trust, Incorporated, 9960 N.W. 116th Way, Medley, Florida, Martin I. Halpern told Sergeant Doug Reese that he had facsimile (FAX) documents at home; 691 N.W. 100th Terrace, Plantation, Florida, that were similar to the ones found in his desk drawer. He also told Sergeant Reese that he had a computer in his home that was used for work and home related tasks.  Halpern agreed to turn over the FAX documents and to allow the police and Federal Bureau of Investigation (FBI) to search his office for additional FAX documents, as well as download his computer.  This information was related to Special Agent (SA) Richard J. Moehle by Sergeant Reese in the presence of Halpern.  SA Moehle then produced a Consent to Search form, upon which Halpern wrote his name and address.  His right to refuse consent was pointed out on the form along with the voluntary nature of the consent.  He was told he had a right to refuse consent to search and that granting consent was a voluntary action.  He stated he understood and signed the form.

Agents and police proceeded with Halpern to his residence. He located nine FAX sheets on a kitchen counter and turned them over to Sergeant Reese and SA Moehle.

| Investigation on | 1/17/99 | at | Plantation, Florida |
|---|---|---|---|

File # 281A-MM-88637                Date dictated    1/17/99

by  Sgt. Doug Reese
    Richard E. Moehle:bjm