cr-06154-WPD    Document 208    Entered on FLSD Docket 07/17/2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6154-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARTIN HALPERN, et al.

    Defendant.

_____/

### MOTION FOR CONTINUANCE OF TRIAL DATE
### AND CERTIFICATION PURSUANT TO LOCAL RULE 88.9

The Defendant, MARTIN HALPERN, moves for a continuance of the trial date presently scheduled for the two week period beginning August 7, 2000 and as grounds therefor, states as follows:

1. The Defendant was arraigned on July 7, 2000. The Defendant has received a response from the government on the Standing Discovery Order outlining the nature and scope of the evidence it plans to introduce at the trial of this cause. It is vast.

2. The government has stated it is in possession of 133 cassette tape recordings containing approximately 1,000 conversations regarding court authorized wire interceptions. In addition, the government has stated it is in possession of approximately 41 cassette tape recordings corresponding to consensually recorded conversations.

3. The Defendant has not yet received those tapes and the transcripts of the tapes, but has been advised by the United States Attorney that they had furnished the tapes to

-1-

LAW OFFICES OF BIERMAN, SHOHAT, LOEWY & KLEIN, P.A. PENTHOUSE TWO, 800 BRICKELL AVENUE, MIAMI, FLORIDA 33131-2944

the Federal Public Defender. The Federal Public Defender represents one defendant in this cause, and is apparently making arrangements to make copies of the tapes. Undersigned counsel is making arrangements for copies of the transcripts. Thereafter, other defendants will presumably be given the opportunity to make copies of the tapes and transcripts. Because of the enormous volume of tapes and transcripts, this will undoubtedly take some time, and it is not anticipated that undersigned counsel will receive those tapes and transcripts for at least another week. Inasmuch as this trial is scheduled only two to three weeks away, it will be logistically impossible to take all of the steps necessary in such a complex matter involving tapes to obtain discovery and then do what needs to be done for proper preparation. In addition, the Defendant has not yet received the Affidavits supporting the court authorized wire interceptions, nor has he received the actual Orders.

4. Once the Defendant receives all of those items, counsel will need to listen to those tapes, and the Defendant will need to listen to them. Thereafter, the Defendant will need to analyze and perhaps prepare his own transcripts of those tapes, as well as coordinate the tapes with the conversations of other defendants. An expert may be required to be retained to analyze the tapes and to possibly prepare defense transcripts.

5. In addition to the foregoing, the Defendant anticipates the filing of numerous motions after receiving and analyzing the tapes, including such motions as a motion to suppress the wire interceptions, motions for severance, motions to dismiss, and various other motions that cannot be anticipated until after analysis of the tapes and transcripts are completed.

6. In addition to the foregoing, counsel has learned that searches of Defendant's home and business have taken place and items were seized from both which the government anticipates introducing into evidence at the trial of this cause. It is unknown whether the searches were with or without warrant. Accordingly, it is anticipated that motions to suppress may be directed to such searches once the underlying bases for such searches is ascertained.

7. In addition to the foregoing, undersigned counsel has a prepaid, non-refundable family vacation scheduled for July 20, 2000 to August 7, 2000, the date of the calendar call. This is the only time that undersigned counsel will have the opportunity to have a vacation with his son.

8. Based upon the foregoing, it will be virtually impossible to prepare a case of this magnitude and complexity for trial within the short time allotted between arraignment and trial.

9. The Defendant does hereby waive any right to a speedy trial pursuant to 18 U.S.C. §3161 *et seq*.

### CERTIFICATION UNDER LOCAL RULE 88.9

9. Pursuant to Local Rule 88.9, undersigned counsel has conferred with Assistant United States Attorney Paul Schwartz who states that he has no objection to continuing the trial of this cause.

WHEREFORE, the Defendant moves for a continuance of this trial for a reasonable time in order to allow counsel and the Defendant to obtain full discovery and to adequately prepare a defense to the charges herein.

Respectfully submitted,

**BIERMAN, SHOHAT, LOEWY & KLEIN, P.A.**
Attorneys for Defendant HALPERN
800 Brickell Avenue, Penthouse Two
Miami, Florida 33131-2944
Telephone: (305)358-7000
Telefax: (305)358-4010

By _____
THEODORE KLEIN, #043453

I HEREBY waive any right to speedy trial pursuant to 18 U.S.C. §3161, *et seq.*

_____
MARTIN HALPERN

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by mail this ___14___ day of July, 2000 to all counsel listed on the attached Service List.

By _____
THEODORE KLEIN

-4-

### SERVICE LIST

Paul F. Schwartz, Esq.
Assistant United States Attorney
500 East Broward Boulevard
Suite 700
Ft. Lauderdale, FL 33394

Allen Kaufman, Esq.
2900 North Dixie Highway
Suite 201
Oakland Park, FL 33334-2666

H. Dohn Williams, Jr., Esq.
721 N.E. Third Avenue
P.O. Box 1722
Ft. Lauderdale, FL 33302-1722

William Norris, Esq.
3225 Aviation Avenue
Suite 300
Coconut Grove, FL 33133

Dennis R. Bedard, Esq.
1717 N. Bayshore Drive, Suite 102
Miami, FL 33132

James M. Stark, Esq.
524 S. Andrews Avenue
Suite 304N
Ft. Lauderdale, FL 33301-2845

Martin Bidwill, Esq.
Assistant Federal Public Defender
101 N.E. Third Avenue
Suite 202
Ft. Lauderdale, FL 33301

Simon T. Steckle, Esq.
701 Brickell Avenue
Suite 3260
Miami, FL 33131

Philip R. Horowitz, Esq.
12651 South Dixie Highway
Suite 328
Miami, FL 33156

Raymond Miller, Esq.
400 S.E. Sixth Street
Ft. Lauderdale, FL 33301

John F. Cotrone, Esq.
509 S.E. 9 Street
Suite 1
Ft. Lauderdale, FL 33316

Michael Dutko, Esq.
600 S. Andrews Avenue
Suite 500
Ft. Lauderdale, FL 33301

Thomas D. Sclafani, Esq.
200 E. Broward Boulevard
Suite 1210
Ft. Lauderdale, FL 33301

Herbert Cohen, Esq.
200 S.E. Sixth Street
Suite 205
Ft. Lauderdale, FL 33301

R. Michael Hursey, Esq.
One River Plaza
305 S. Andrews Avenue
Suite 701
Ft. Lauderdale, FL 33301